SANDRA KAY DRYDEN, APPELLANT, V. JAMES EDWARD DRYDEN, APPELLEE.

289 N. W. 2d 525

Filed March 4, 1980. No. 42678.

Mohummed Sadden and Phillip S. Dandos, for appellant.

Smith, Smith & Boyd, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Petitioner applied to the District Court for an order requiring the respondent to pay interest on a cash settlement award payable in monthly installments from date of entry 2 years earlier and without regard to the due date on each installment. This application was denied. Petitioner has appealed, and we affirm the judgment of the trial court.

On December 6, 1976, a decree dissolving the marriage then existing between the parties was entered and a motion for new trial was overruled on January 4, 1977. No appeal was taken. The decree awarded petitioner the sum of $45,000, payable $3,000 on or before February 1, 1977, and the sum of $500 per month commencing on the 15th day of December 1976, and a like amount on the 15th day of each month thereafter for a total of 84 monthly payments. There was no provision for interest in the decree.

It is petitioner's position that the award made herein being for a definite amount and not subject to modification for any cause became a vested right from the date of rendition of the judgment. Ball v. Ball, 183 Neb. 216, 159 N. W. 2d 297 (1968). She then argues that interest on a decree for the payment of money shall be paid from the date of rendition thereof. § 45-103, R. R. S. 1943. However, this contention was clearly answered by Cumming v. Cumming, 193 Neb. 601, 228 N. W. 2d 296 (1975), wherein we said: "The provisions of that section refer to judgments or decrees for money which is *immedi-*

*ately* due and *collectible* where its nonpayment is a breach of duty on the part of the judgment debtor." (Emphasis supplied.)

In the instant case, the award was payable in installments and interest begins to accrue only on each individual installment from the date that it becomes due and payable. There being no showing that any installment was due and unpaid, petitioner was not entitled to interest.

The judgment of the District Court is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.