(11 P.3d 514)
No. 83,811

In the Matter of the Marriage of LORI ANN ROTH, *Appellee,* and JAMES DOUGLAS ROTH, *Appellant.*

Opinion filed October 6, 2000.

*Jennifer A. Wagle,* of Alexander, Floodman & Casey, Chtd., of Wichita, for appellant.

*T. Lynn Ward* and *Brian J. Christensen,* of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, for appellee.

Before ELLIOTT P.J., PIERRON and GREEN, JJ.

GREEN, J.: James Douglas Roth (Jim) appeals from a judgment of the trial court in a divorce action. On appeal, Jim argues that the trial court abused its discretion in refusing to award interest on a judgment lien awarded to him. Jim further argues that because the trial court failed to award interest on the judgment lien, the trial court abused its discretion in dividing the marital property. We disagree and affirm.

On July 20, 1999, Jim and Lori Ann Roth were divorced after 15 years of marriage. The couple had three children. Jim earned approximately $100,000 in 1998 and Lori earned approximately $80 a month teaching piano lessons. Lori was enrolled in college and needed approximately 140 more hours to complete her teaching degree.

After hearing the evidence, the trial court awarded the following to Lori: one-half of the pension ($14,250); one-half of the savings plan ($13,244.69); her vehicle (valued at $9,567.50); one-half of the equity in the marital residence (valued at $37,660.84); an IRS

refund ($1,200); and the 1998 income tax refund ($316). Lori received total assets valued at $76,239.03.

Jim was awarded the following: one-half of the pension ($14,250); one-half of the savings plan ($13,244.69); his vehicle (valued at $5,357.50); the certificate of deposit ($5,000); furniture debt ($2,496); and one-half of the equity in the marital residence ($37,660.84). Jim received assets totaling $73,017.03. Jim was ordered to pay child support in the amount of $1,689 per month and spousal maintenance in the amount of $1,400 per month for a period of 48 months.

Jim's judgment lien on the house will not be paid to him until the earliest any of the following events occur: when Lori sells the house, when Lori no longer resides in the house, or when the parties' youngest child attains the age of 18 on January 8, 2014. The trial court did not award interest on Jim's equity lien.

Jim moved for reconsideration, asking the trial court to reconsider its decision that his equity judgment lien bear no interest. He argued that since the lien might not be paid until the youngest child attains the age of 18, the present value of the lien was $10,900, which results in a property division that leaves him with $24,000 less than Lori. The trial court overruled the motion.

The sole issue on appeal is whether the trial court erred in refusing to award interest on Jim's equity lien on the house. The issue of whether a trial court must award interest on an equity judgment in a divorce proceeding is an issue of first impression in Kansas. Our standard of review is whether the trial court abused its discretion in adjusting the parties' property rights. *In re Marriage of Kirk*, 24 Kan. App. 2d 31, 35, 941 P.2d 385, *rev. denied* 262 Kan. 961 (1997).

Jim claims that the trial court was required to award interest on the judgment lien under K.S.A. 1999 Supp. 16-204(d). The statute provides: "Any judgment rendered by a court of this state on or after July 1, 1986, shall bear interest on and after the day on which the judgment is rendered at the rate provided by subsection (e)." Although this statute appears to make an award of interest mandatory, other jurisdictions with statutes similar to K.S.A. 16-204

have held that the question of whether to award interest on property divisions is a matter within the discretion of the trial court.

For example, the Nebraska Supreme Court rejected the contention that a state statute providing for interest on judgments requires that a marital property distribution payable in installments must bear interest. *Dryden v. Dryden,* 205 Neb. 666, 289 N.W.2d 525 (1980). *Dryden* held that interest on a division of marital property award begins to accrue only on each individual installment from the date that it becomes due and payable. 205 Neb. at 668. The court later held that trial courts have discretion to award interest on deferred installments payable as part of a marital property distribution. *Seemann v. Seemann,* 225 Neb. 116, 402 N.W.2d 883 (1987).

The Indiana appellate courts have rejected the argument that interest was required by statute on the principal balance of an award. *Van Riper v. Keim,* 437 N.E.2d 130 (Ind. App. 1982), held that the trial court did not abuse its discretion in not awarding the wife interest on a lump-sum division of property payable in installments. See Annot., 10 A.L.R. 5th 221.

Other jurisdictions have adopted the view that whether to award interest in distribution of marital property is within the sound discretion of the trial court, whose decision will not be disturbed absent an abuse of discretion. See, *e.g., Cotton v. Cotton,* 439 So. 2d 309 (Fla. App. 1983); *In re Marriage of Stone,* 155 Ill. App. 3d 62, 507 N.E.2d 900 (1987); *Price v. Price,* 484 P.2d 532 (Okla. 1971); see Annot., 10 A.L.R. 5th 218.

We find the trial court may, in its discretion, award interest on the principal balance of an award of marital property but is not required to do so under K.S.A. 1999 Supp. 16-204. Kansas law gives broad discretion to a trial court in dividing marital property, and it follows that a trial court also has discretion to award interest on a judgment. Moreover, there is no provision for awarding interest in K.S.A. 1999 Supp. 60-1610(b)(1)(B). Instead, the statute provides that if real or personal property is awarded to one of the parties, he or she must pay the other party "a just and proper sum." As a result, the decision of whether to award interest on a judgment

lien in a divorce proceeding is a matter that is within the sound discretion of the trial court.

Although the trial court was not required to award interest on Jim's judgment lien on the house, the issue remains whether the trial court abused its discretion in refusing to award interest on that judgment. Judicial discretion is abused when no reasonable person would take the view adopted by the trial court. *In re Marriage of Wade*, 20 Kan. App. 2d 159, 168, 884 P.2d 736 (1994), *rev. denied* 256 Kan. 995 (1995).

Jim maintains that when the present value of his judgment lien on the home is considered, the trial court's division of the marital property resulted in an inequitable award to him. Although Jim contends that the present value of his judgment lien is approximately $10,900, that figure is based on a discount rate of 9 or 10 percent over the term of 14 years. Jim, however, asked the trial court for only 4 or 5 percent interest on the judgment lien. As such, we will base the present value of the judgment lien on a 5 percent discount rate.

It is impossible to accurately predict the present value of the judgment lien because we do not know when the lien will become due. If Lori sells or no longer resides in the home, the judgment lien would become due then, which would make the present value of the judgment lien greater than if Lori continues to own and reside in the home until the youngest child turns 18. Giving Jim the benefit of the doubt, we will assume that the lien will become due when the youngest child turns 18, which is approximately 14 years after the parties' divorce.

Using a 5 percent discount rate and a term of 14 years, the present value of Jim's equity lien is $19,021.28. When this amount is substituted for the future value of Jim's judgment lien, he received total assets in the amount of $54,377.47. Lori's total assets remain at $76,239.03. When the present value of the judgment lien is taken into consideration, Jim received approximately 42 percent of the marital property and Lori received approximately 58 percent.

When dividing property and debt in a divorce matter, the division must be just and reasonable. K.S.A. 1999 Supp. 60-1610(b)(1).

However, a division of property does not have to be an equal division to be just and reasonable. *LaRue v. LaRue*, 216 Kan. 242, 250, 531 P.2d 84 (1975).

In dividing the martial property, the trial court must consider the following factors:

"the age of the parties; the duration of the marriage; the property owned by the parties; their present and future earning capacities; the time, source and manner of acquisition of property; family ties and obligations; the allowance of maintenance or lack thereof; dissipation of assets; the tax consequences of the property division upon the respective economic circumstance of the parties; and such other factors as the court considers necessary to make a just and reasonable division of property." K.S.A. 1999 Supp. 60-1610(b)(1)(C).

The issue remains whether the division of property in this case was just and reasonable after considering the present value of the property. Lori argues that the division of assets was fair because Jim's present and future earning capacity is much greater than her potential earning capacity. Lori also points out that Jim can make further contributions to his savings and pension plans with his earnings, but that she will not be able to contribute to these plans.

Jim, on the other hand, insists that the division of assets were unfairly skewed in Lori's favor. He argues that the house will continue to appreciate and that Lori will have the entire benefit of that appreciation, which will be gained at his expense. Jim also points out that Lori gets the benefit and use of her equity interest in the home, while he must wait up to 15 years for the use and enjoyment of his judgment lien, with no consideration for the wait. Jim would like to use his portion of the equity in the home to purchase another residence. Additionally, Jim notes that Lori gets the tax deductible expenses associated with the home, the appreciation in equity, and 100 percent of the asset for up to 14 years.

Although Jim's judgment lien is susceptible to the ravages of inflation and he does not have present enjoyment of the asset, we cannot say that the trial court abused its wide discretion in not awarding interest on the lien. The trial court considered the necessary factors set out in K.S.A. 1999 Supp. 60-1610(b)(1) when dividing the property and determined that an award of interest on the judgment lien was unnecessary based on the distribution of

other assets, the parties' earning potential, the needs of the children, and other factors. We cannot say that no reasonable person would take the view adopted by the trial court. As a result, we find that the trial court did not abuse its discretion in refusing to award interest on Jim's judgment lien.

Affirmed.