CAROL A. BOWERS, FORMERLY KNOWN AS CAROL A. SCHERBRING, APPELLANT, V. GAIL LENS, PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT J. SCHERBRING, DECEASED, APPELLEE.

648 N.W.2d 294

Filed July 26, 2002.   No. S-01-447.

Michael B. Kratville for appellant.

Karen L. Vervaecke, on brief, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

The appellant, Carol A. Bowers, appeals from the district court's award of alimony for $400 per month for 54 months, pursuant to this court's remand with directions to modify Bowers' award of alimony. See *Bowers v. Scherbring*, 259 Neb. 595, 611 N.W.2d 592 (2000). Bowers argues on appeal that the district court erred in failing to award her a larger amount of alimony for a longer time period, interest on the judgment, and attorney fees.

## BACKGROUND

Bowers, formerly known as Carol A. Scherbring, and Robert J. Scherbring were married on May 30, 1969, and divorced pursuant to a dissolution decree entered on June 3, 1996. The decree awarded, inter alia, alimony of $1 per year to each party. Bowers filed a petition for modification on September 24, alleging a material change in circumstances because she unexpectedly lost her job as part of a reduction in force on August 15. Bowers requested an award of alimony on a temporary basis and modification of alimony on a permanent basis.

The district court held a hearing on Bowers' petition to modify. See *Bowers, supra.* Bowers, who had previously worked as a medical technologist for numerous years, had been dismissed from several jobs in her field since the entry of the dissolution decree and had not worked since March 1997. Bowers testified that because of cognitive impairments relating to her short-term memory, she was no longer able to work in the field of medical technology. Bowers presented medical testimony that she had suffered problems with memory retention and concentration since 1994. Dr. Thomas Grandy, a psychologist, testified that Bowers' deficiency in short-term memory prevented her from satisfactorily performing the daily duties required of a laboratory

medical technologist, and he recommended that she undergo vocational rehabilitation. The district court, in a May 15, 1998, order, concluded that there was no material change in circumstances after the entry of the decree and denied Bowers' petition for modification.

Bowers appealed the district court's order. The Nebraska Court of Appeals affirmed in an unpublished opinion, determining that Bowers failed to prove a change of circumstances since the time of the decree, as Bowers had suffered from memory problems since 1994 and had reported difficulties with thinking and remembering in 1995. *Bowers v. Scherbring*, 8 Neb. App. ci (No. A-98-564, June 29, 1999). Thus, the Court of Appeals determined that the record did not support a modification of alimony, and the district court did not abuse its discretion in denying Bowers' application to modify. *Id.*

This court granted Bowers' petition for further review. We determined that although Bowers' neurocognitive problems existed prior to the decree, neither party contemplated the extent to which Bowers' illness would prevent her from working as a medical technologist. *Bowers v. Scherbring*, 259 Neb. 595, 611 N.W.2d 592 (2000). Additionally, we concluded that the Court of Appeals erred in requiring Bowers to present evidence that she was unemployable in any position, rather than just as a medical technologist. Thus, we reversed the judgment of the Court of Appeals and remanded the cause to the district court with directions for further proceedings. *Id.*

On remand, the district court held a hearing to determine the appropriate amount of alimony. Bowers requested an increase in alimony retroactive to April 1997, because she had not worked since March 1997. Bowers had been employed as a medical technologist until March 1997, but her physician advised Bowers at that time to get out of the medical technology field and apply for Social Security disability benefits because of her ongoing cognitive problems. Bowers testified that she received neurocognitive therapy from May 1997 to August or September 1997, but discontinued treatment after her insurance company stopped paying for it.

Bowers entered a master's degree program in community counseling at the University of Nebraska-Omaha in August 1998,

and at the time of the hearing, she expected to finish her degree in May 2001. Bowers testified that she could seek a job in counseling after graduation, but she would not become a licensed mental health practitioner until she passed board examinations and completed 3,000 hours of work in her field.

Because she had not been employed since March or April 1997, Bowers used her savings and Social Security as income, and eventually liquidated assets totaling approximately $9,100 in the form of IRA's and mutual funds. Bowers received $2,631 in Social Security benefits for 1997. Bowers also received $17,000 in loans from her mother and student loans totaling approximately $36,000. For the spring 2001 semester, Bowers received an additional $4,200 in student loans.

The court admitted as an exhibit a list of Bowers' estimated monthly expenses, which included the type of monthly expenses Bowers incurred back to March or April 1997 when she first became unemployed. Bowers' monthly expenses, as estimated, totaled $1,838; she incurred approximately $5,000 in additional expenses since March 1997 for medical insurance, dental expenses, and eye care. Bowers testified that 6 months after her graduation, she will begin making payments of $400 per month on her student loans and will continue such payments for 10 years.

Scherbring indicated his income from the years 1997 to 2000 by submitting tax returns and W-2 forms as exhibits: $43,983.82 in 1997 (W-2 form); $43,048 in 1998; $47,775 in 1999; $50,533.42 in 2000 (W-2 form). Scherbring testified that his average net income was $2,771 per month and that his average monthly expenses were $2,923. Scherbring's cohabitant did not contribute to any of Scherbring's living expenses. Although Scherbring's monthly mortgage payment was approximately $800 to $850 at the time of the dissolution in 1996, that amount had increased to $1,193 because he refinanced his mortgage pursuant to a $22,000 property settlement in the dissolution decree. The district court received as an exhibit Bowers' attorney's affidavit and itemization of hours up to the time of the previous trial in this matter.

In a March 13, 2001 order, the district court awarded Bowers alimony retroactive to April 1, 1997, and ending on September

1, 2001, for a total of 54 payments at the rate of $400 per month, a purported total judgment of $21,200—54 multiplied by $400, however, actually totals $21,600. The district court ordered that Scherbring pay $500 per month starting on April 1, 2001, until the judgment is paid in full. The district court denied Bowers' request for attorney fees. Bowers appealed the judgment of the district court on April 10.

Scherbring died on October 12, 2001. Gail Lens, personal representative of Scherbring's estate, has been substituted as the appellee, and the judgment and instant appeal have been revived.

## ASSIGNMENTS OF ERROR

Bowers assigns, restated, that the district court erred in (1) terminating Bowers' alimony in September 2001, (2) allowing Scherbring to pay off the judgments on a monthly basis instead of allowing Bowers to collect the judgment as may be deemed appropriate, (3) not allowing Bowers interest on the judgment, (4) awarding only $400 per month in alimony, and (5) failing to award Bowers attorney fees.

## STANDARD OF REVIEW

An appellate court entrusts the modification of an alimony award to the discretion of the trial court and reviews the trial court's decision de novo on the record for abuse of discretion. *Pope v. Pope*, 251 Neb. 773, 559 N.W.2d 192 (1997).

Appeals in domestic relations matters are heard de novo on the record, and thus, an appellate court is empowered to enter the order which should have been made as reflected by the record. *Medlock v. Medlock*, 263 Neb. 666, 642 N.W.2d 113 (2002).

## ANALYSIS

### TIME PERIOD OF ALIMONY

Bowers assigns, first, that the district court erred in terminating alimony in September 2001. Due to Scherbring's death on October 12, 2001, we limit our consideration of this assignment of error to whether Bowers should receive 1 additional month of alimony for October 2001.

Bowers claims that because of her employment uncertainties, the district court should not have provided a termination date for

alimony, but instead hold another hearing to gauge Bowers' employment situation after she graduated from school. At the time of the March 2001 hearing, Bowers was scheduled to graduate in May 2001. The court's September 2001 end date of alimony allowed Bowers 4 months beyond graduation in which to secure gainful employment. Bowers testified that she will receive payment for working toward her 3,000-hour requirement for full certification.

■ In determining whether alimony should be awarded, in what amount, and over what period of time, the ultimate criterion is one of reasonableness. *Bauerle v. Bauerle*, 263 Neb. 881, 644 N.W.2d 128 (2002). We have reviewed the district court's alimony determination de novo on the record for an abuse of discretion. Given the evidence submitted, it was reasonable for the district court to expect Bowers to begin supporting herself after September 2001; therefore, the court did not abuse its discretion in setting September 2001 as the termination date of Scherbring's alimony payments. Bowers' first assignment of error is without merit.

### PAYING OFF JUDGMENT ON MONTHLY BASIS

Next, Bowers argues that the district court erred in ordering Scherbring to pay off the judgment on a monthly basis. In its March 13, 2001, order, the district court awarded Bowers alimony of $400 per month retroactive from April 1997 through March 2001, plus an additional 6 months of alimony through September 2001, for a total of 54 payments. The court stated that the total amount awarded was $21,200 and ordered Scherbring to pay off the judgment in monthly installments of $500 starting April 1, 2001, and continuing until Scherbring paid the judgment in full.

■ This court has long held that a decree or judgment for the payment of money is one which is immediately due and collectible where its nonpayment is a breach of duty by the judgment debtor. See *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994). See, also, *Dryden v. Dryden*, 205 Neb. 666, 289 N.W.2d 525 (1980); *Cumming v. Cumming*, 193 Neb. 601, 228 N.W.2d 296 (1975). Installments of alimony ordinarily become vested as they accrue, and past-due installments become final judgments,

which courts have no authority to cancel or reduce. See, *Wolter v. Wolter*, 183 Neb. 160, 158 N.W.2d 616 (1968); *Sullivan v. Sullivan*, 141 Neb. 779, 4 N.W.2d 919 (1942). Although the instant case involves retroactive alimony rather than past-due alimony installments, the principle remains the same. Alimony payments ordinarily vest as they accrue; thus, we conclude that a judgment for retroactive alimony, i.e., alimony that should have vested and accrued in prior months, is one which is immediately due and collectible by the judgment creditor. This situation is, of course, distinguishable from an order in which a court may allow a contemnor to purge his or her contempt for past-due support on an installment basis. See, e.g., *Pope v. Pope*, 251 Neb. 773, 559 N.W.2d 192 (1997); *Snodgrass v. Snodgrass*, 241 Neb. 43, 486 N.W.2d 215 (1992).

Applying the above principles to the present case, the district court's award of retroactive alimony from April 1997 through March 2001 became vested upon entry of the judgment—because the time for which it was due had passed, it had accrued and was immediately collectible. In addition, the alimony award from April 1, 2001, through September 2001 has also accrued, and it was immediately due and collectible at the time each installment vested on a monthly basis. The alimony awarded to Bowers became a lien on Scherbring's property at the time of the entry of the judgment. See Neb. Rev. Stat. § 42-371 (Cum. Supp. 2000).

We, therefore, conclude that the district court erred in limiting Bowers' ability to collect the alimony judgment from Scherbring to a periodic basis under these circumstances. We review a trial court's modification of an alimony award de novo on the record for abuse of discretion, and we are empowered to enter the order which should have been made as reflected by the record. We determine that the court abused its discretion in ordering Scherbring to pay off the judgment in $500 monthly increments starting on April 1, 2001; the order shall be modified to allow Bowers to collect the entire alimony judgment in such manner as allowed by law.

INTEREST

Bowers claims that the district court erred in failing to award her interest on the judgment retroactive to April 1997. Scherbring

argued that assessing interest back to 1997 would unreasonably penalize Scherbring for failing to comply with an order that, until March 13, 2001, did not exist.

A court of equity has discretion to allow or withhold interest as is reasonable and just, except in cases where interest is recoverable as a matter of right. *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994). Neb. Rev. Stat. § 45-103.01 (Cum. Supp. 2000) provides that interest shall accrue on decrees and judgments for the payment of money from the date of entry of judgment until the satisfaction of judgment. The language of § 45-103.01 is mandatory, and a court of equity does not have discretion to withhold interest on decrees or judgments for the payment of money. *Gallner v. Gallner*, 257 Neb. 158, 595 N.W.2d 904 (1999); *Welch, supra.* In this case, the district court entered a judgment on March 13, 2001, for the payment of money from Scherbring to Bowers; thus, the district court does not have discretion to withhold interest from its judgment after March 13.

We must, however, consider when interest began accruing on the judgment and what effect that may have on the final satisfaction of the judgment. We determined above that when the district court entered its award of retroactive alimony to Bowers on March 13, 2001, Scherbring owed Bowers alimony from April 1997 to March 2001—$400 per month for 48 months, for a total of $19,200. We conclude that interest on this $19,200 began to accrue when the district court entered its judgment on March 13, because, as stated above, Scherbring owed the full $19,200 when the court entered its order. Prior to March 13, there was simply no judgment from which interest could accrue.

For the 6 months of alimony from April through September 2001, we determine, pursuant to § 45-103.01, that interest on each of those $400 payments began to accrue as each payment became due, as a final judgment, on the first day of each month.

### Amount of Alimony

Bowers next assigns that the district court erred in granting her only $400 per month in alimony. Bowers argues that the district court's award is unreasonable and untenable, considering that between 1997 and 2000, Bowers' average monthly income was approximately $3,000 less than Scherbring's average

monthly income. In reviewing an alimony award, an appellate court does not determine whether it would have awarded the same amount of alimony as did the trial court, but whether the trial court's award is untenable such as to deprive a party of a substantial right or just result. *Kalkowski v. Kalkowski*, 258 Neb. 1035, 607 N.W.2d 517 (2000).

We determine, after reviewing the record de novo and considering the factors set forth in Neb. Rev. Stat. § 42-365 (Reissue 1998), that the district court did not abuse its discretion in awarding Bowers $400 per month alimony for the time period at issue. Bowers' fourth assignment of error is without merit.

## ATTORNEY FEES

Bowers' final assignment of error alleges that the district court erred in failing to award her attorney fees. In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion. *Peter v. Peter*, 262 Neb. 1017, 637 N.W.2d 865 (2002). The award of attorney fees depends on multiple factors that include the nature of the case, the services performed and results obtained, the earning capacity of the parties, the length of time required for preparation and presentation of the case, customary charges of the bar, and the general equities of the case. *Priest v. Priest*, 251 Neb. 76, 554 N.W.2d 792 (1996).

Based on our de novo review of the record, and the general equities of the case, we find nothing to indicate an abuse of discretion on the part of the district court in its refusal to award attorney fees. Therefore, the district court did not err in refusing to grant Bowers attorney fees.

## CONCLUSION

For the reasons stated above, we conclude that Bowers' assignments of error relating to the term of alimony, amount of alimony, and attorney fees are without merit, and we affirm the district court's order on those matters.

We determine, however, that the district court erred in (1) allowing Scherbring to pay off the $19,200 alimony judgment (i.e., retroactive alimony from April 1997 through March 2001)

and the alimony that accrued at a rate of $400 per month from April through September 2001, on a periodic basis—starting on April 1, 2001, until the judgment is paid in full; (2) failing to order interest, as set forth above, until the judgment is satisfied; and (3) calculating the total sum of the judgment as $21,200 rather than $21,600. We, therefore, modify the order of the district court to reflect (1) that 54 payments of $400 per month totals $21,600 and judgment in the sum of $21,600 shall be entered in favor of Bowers and against the appellee and (2) that judgment interest, pursuant to § 45-103.01, began to accrue on the sum of $19,200 when the district court entered its judgment on March 13, 2001, and on each of the $400 payments when they became due on the first day of each month from April through September 2001.

The judgment of the district court is thus affirmed as modified.

AFFIRMED AS MODIFIED.

STEPHAN, J., concurring.

For the sake of consistency, I note my dissent in the first appeal in this case, *Bowers v. Scherbring*, 259 Neb. 595, 611 N.W.2d 592 (2000), in which I expressed my opinion that the district court did not abuse its discretion in determining that there was no material change in circumstances which would justify modification of the original alimony award. Inasmuch as that view did not prevail and the adequacy of the factual grounds for modification is not before us in this appeal, I fully agree with the reasoning and disposition set forth in the majority opinion.

HENDRY, C.J., joins in this concurrence.