STATE OF NEBRASKA ON BEHALF OF MINOR CHILD KAYLA T. ET AL.,
APPELLEES AND CROSS-APPELLANTS, V. LYLE D. RISINGER,
APPELLANT AND CROSS-APPELLEE.

731 N.W.2d 892

Filed June 1, 2007.    No. S-06-1089.

Rodney J. Palmer, of Palmer & Flynn, P.C., for appellant.

Avery L. Gurnsey, Rock County Attorney, for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Lyle D. Risinger appeals a decree of paternity and child support order entered by the district court for Rock County. The court established Risinger as the father of Kayla T. and ordered him to pay child support and retroactive child support. The court rejected Risinger's assertion that he was not liable for child support because he had an agreement with Kayla's mother that she would not seek child support in return for his giving up all contact with Kayla. We affirm the district court's decree of paternity and support, but, as requested in the State's

cross-appeal, we modify the decree to reflect that retroactive child support was due upon entry of the judgment rather than payable in future installments.

## STATEMENT OF FACTS

Kayla was born to Linda T. on June 9, 1988. Risinger had been in a sexual relationship with Linda in 1987, but the relationship ended prior to Kayla's birth. On March 31, 2005, the State of Nebraska filed a petition on behalf of Kayla and Linda against Risinger seeking to establish paternity, child support, and medical reimbursement. The State sought, inter alia, retroactive child support from the date of Kayla's birth.

Risinger filed an initial answer and two amended answers. In the filings, Risinger admitted paternity but affirmatively stated that he had been repudiated by Linda and told that he could not be involved in Kayla's life. Risinger asserted that Linda agreed to refrain from seeking child support in exchange for his agreeing not to see Kayla. Risinger denied that he should be required to pay child support until he had the opportunity to establish a relationship with Kayla. Risinger requested that he be given such opportunity and agreed that he should be required to pay reasonable child support after such relationship had been established. Risinger further asserted, however, that because of the agreement, Linda should be equitably estopped from collecting retroactive child support.

At a hearing on the State's petition, Risinger testified that in late 1987, after he learned that Linda was pregnant, he and Linda had a conversation in which they determined that their relationship was over. Risinger testified that he reluctantly agreed to Linda's request that because they were no longer involved, she did not want him to have anything to do with the baby. Risinger testified that Linda agreed that if he stayed out of the baby's life, she would not seek child support.

In her testimony at the hearing, Linda denied any such agreement. She testified that after a telephone call from Risinger in February 1988, she did not hear from him again until August 1997, when he called, asking to see Kayla. She told him supervised visits could be arranged if he paid all retroactive child support, but Risinger refused and stated he would wait until Kayla turned 18.

The district court entered a decree of paternity and child support order on September 6, 2006. The decree established Risinger as Kayla's father. With regard to support, the court noted the conflicting testimonies regarding the existence of an agreement by which Linda would not seek child support if Risinger stayed away from Kayla. The court found that the evidence supported Linda's version of events and that there was no agreement. The court determined that because Risinger did not carry his burden of establishing the existence of an agreement, equitable estoppel was not applicable.

The court ordered Risinger to pay child support of $591 per month beginning October 1, 2006. The court also determined that Risinger owed retroactive child support in the amount of $60,119, calculated from Kayla's birth until the date of the decree. The court ordered Risinger to pay the retroactive child support at a rate of $25 per month from October 1, 2006, through June 1, 2007, and then at a rate of $350 per month commencing July 1, 2007, and continuing each month thereafter until paid in full. The court ordered that there would be no interest on installments timely made but that interest would accrue on unpaid installments 30 days past due.

Risinger appeals the decree of paternity and support, and the State cross-appeals, challenging the payment schedule.

### ASSIGNMENTS OF ERROR

Risinger asserts that the court erred in (1) finding that there was no agreement between him and Linda by which he would not see or visit Kayla in exchange for Linda's not seeking child support and (2) failing to find that Linda was equitably estopped from seeking child support.

In its cross-appeal, the State asserts that the district court erred in ordering Risinger to pay the retroactive child support in monthly installments rather than entering judgment for the full amount due with interest to accrue on the full amount from the date of judgment.

### STANDARDS OF REVIEW

While a paternity action is one at law, the award of child support in such an action is equitable in nature. *State on behalf of Joseph F. v. Rial*, 251 Neb. 1, 554 N.W.2d 769 (1996). A trial

court's award of child support in a paternity case will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *Id.*

## ANALYSIS
*Appeal: Equitable Estoppel Does Not Apply to Prevent the State From Seeking Child Support on Behalf of Kayla.*

Risinger asserts that the district court erred in failing to find that Linda should be equitably estopped from seeking child support. Risinger's argument in favor of equitable estoppel relies at least in part on the existence of an agreement between Risinger and Linda by which Linda would not seek child support. Risinger therefore also asserts that the court erred in finding that there was no such agreement. We determine that the court did not err in finding that there was no agreement; that even if such agreement did exist, the agreement was against public policy; and that because the right to support belonged to Kayla, any agreement made or actions taken by Linda would not be the basis for equitable estoppel in this paternity and child support action brought by the State on Kayla's behalf. We therefore reject Risinger's assignments of error.

We note that the evidence regarding the existence of an agreement between Risinger and Linda included Risinger's testimony that an agreement was made and Linda's conflicting testimony that no agreement was made. We have stated that in a de novo review in a filiation proceeding, when the evidence is in conflict, the appellate court considers, and may give weight to, the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *State on behalf of Pathammavong v. Pathammavong,* 268 Neb. 1, 679 N.W.2d 749 (2004). Similarly, in the present case, we consider and give weight to the fact that the district court heard and observed the testimonies of both Risinger and Linda and, based on its assessment of such testimonies and other evidence, accepted Linda's testimony over Risinger's testimony regarding the existence of an agreement. The court did not err in finding that there was no agreement between the parties that Risinger would not see or visit Kayla in exchange for Linda's not seeking child support.

More fundamentally, we determine that even if such an agreement were made, the agreement was against public policy and therefore could not be the basis for equitable estoppel in this case. Although Risinger's argument in favor of equitable estoppel relies heavily on the existence of an agreement, he also argues that even if an agreement was not actually made, Linda should be equitably estopped from seeking child support because her actions were consistent with such an agreement and she prevented Risinger from seeing or visiting Kayla. We note that courts in various other states have held that an agreement between parents that would deprive a child of his or her right to support is void as against public policy. See, *Hoover-Reynolds v. Superior Court*, 50 Cal. App. 4th 1273, 58 Cal. Rptr. 2d 173 (1996); *Straub v. B.M.T. by Todd*, 645 N.E.2d 597 (Ind. 1994); *State Dept. of Human Services v. T.D.G.*, 861 P.2d 990 (Okla. 1993); *Berryhill v. Rhodes*, 21 S.W.3d 188 (Tenn. 2000); *Hurlbut v. Scarbrough*, 957 P.2d 839 (Wyo. 1998). See, also, *Susan H. v. Keith L.*, 259 Neb. 322, 609 N.W.2d 659 (2000) (applying Oklahoma law).

We determine that a private agreement between parents that would deprive a child of support from one parent contravenes the public policy of this state. In this regard, we note that Neb. Rev. Stat. § 43-1405 (Reissue 2004) provides a procedure whereby the liability of a father for child support may be discharged by a voluntary settlement agreement between the father and the mother in which "the father promises to make adequate provision for the support of the child." The statute provides that such agreement is binding on the parties and bars all other remedies only when such agreement "is approved by the court having jurisdiction to compel the support of the child." The statute further requires that "[t]he court shall approve such settlement only if it shall find and determine that adequate provision is made for the support of the child . . . ." Because Nebraska statutes provide a procedure by which parents may agree to discharge a father's liability for a child where adequate provision is made, we determine that the public policy of this state would forbid the enforcement of a private agreement that purported to discharge a parent's liability for child support if the agreement did not follow the statutory requirements for court approval and

failed to adequately provide for the support of the child. We therefore conclude that even if the purported agreement existed and even if Linda's actions were consistent with the existence of such agreement, as a matter of public policy, such agreement could not form the basis of an equitable estoppel.

We further note in this regard that the present proceeding to establish the paternity of Kayla was brought by the State pursuant to Neb. Rev. Stat. § 43-1411 (Reissue 2004). Under § 43-1411, the mother or the alleged father may bring an action either during pregnancy or within 4 years after the child's birth, while "the guardian or next friend of such child or the state" may bring an action either during pregnancy or within 18 years after the child's birth. We have characterized actions brought by the State or by the guardian or next friend of the child as "'cause[s] of action brought on the child's behalf . . . to establish paternity and secure the child's rights.'" *State on behalf of S.M. v. Oglesby*, 244 Neb. 880, 883, 510 N.W.2d 53, 56 (1994) (quoting *Doak v. Milbauer*, 216 Neb. 331, 343 N.W.2d 751 (1984)). Because the present action was not brought by Linda within 4 years after Kayla's birth but instead was brought by the State within 18 years of Kayla's birth, this was clearly an action brought on Kayla's behalf in order to secure her rights, including child support. Even though the State fashioned the action as one brought on behalf of both Linda and Kayla, at least with regard to issues of support, this action is one brought on behalf of Kayla to secure her right to support. Therefore, whether or not Linda should be equitably estopped from seeking any sort of relief for herself, the State was not estopped from seeking support on Kayla's behalf in this action.

Although based on somewhat different reasoning than that of the district court, we determine that the district court did not err in awarding child support and we reject Risinger's assignments of error.

*Cross-Appeal: Retroactive Child Support Due Upon Entry of Judgment.*

The State asserts on cross-appeal that the district court erred in ordering Risinger to pay the retroactive child support in monthly installments rather than entering judgment for the full amount due with interest to accrue from the date of judgment.

We agree that the court should have entered judgment for the full amount due with interest to accrue from the date of judgment rather than ordering Risinger to pay in monthly installments, and we therefore modify the decree of paternity and support to so provide.

■ In *Bowers v. Lens*, 264 Neb. 465, 648 N.W.2d 294 (2002), we faced a similar issue with regard to an order of retroactive alimony. In *Bowers*, the district court, in a March 13, 2001, order, determined that a certain amount of alimony was due from the husband to the wife retroactive from April 1997 through March 2001. The court ordered the husband to pay the judgment in monthly installments of $500 starting April 1, 2001, and continuing until the judgment was paid in full. On appeal, we concluded that the court erred in limiting the wife's ability to collect the alimony to a periodic basis. We noted that "a decree or judgment for the payment of money is one which is immediately due and collectible where its nonpayment is a breach of duty by the judgment debtor." *Id.* at 470, 648 N.W.2d at 299. We further noted that alimony payments ordinarily vest as they accrue, and we concluded that "a judgment for retroactive alimony, i.e., alimony that should have vested and accrued in prior months, is one which is immediately due and collectible by the judgment debtor." *Id.* at 471, 648 N.W.2d at 300. We therefore modified the decree in *Bowers* to allow the wife to collect the entire alimony judgment in such manner as allowed by law.

■ Similarly, in the present case, we conclude that the district court erred in ordering the retroactive child support of $60,119 to be paid in future monthly installments. Like alimony payments, child support payments ordinarily vest as they accrue. See, *Gress v. Gress*, 257 Neb. 112, 596 N.W.2d 8 (1999); *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991). We conclude that the judgment in this case for child support that should have vested and accrued in prior months is a judgment which was immediately due and collectible upon entry of the decree of paternity and support. We determine that the district court abused its discretion in ordering the retroactive child support to be paid in future monthly installments. Thus, we conclude that the order should be modified and judgment entered for the full

amount due, with interest to accrue on the full amount from the date of judgment.

## CONCLUSION

We conclude that the district court did not err in finding Risinger liable for child support and that the purported agreement by which Risinger would avoid child support in exchange for not contacting Kayla would contravene public policy and be unenforceable. We are aware of the economic burden placed on Risinger as a result of the outcome in this case, but we are nevertheless constrained by the child's best interests. Thus, we reject Risinger's assignments of error. Further, as urged by the State on cross-appeal, we conclude that the court erred in ordering Risinger to pay retroactive child support in future monthly installments. We therefore affirm the decree of paternity and child support order, but we modify the decree to reflect that the retroactive child support of $60,119 became due and payable upon entry of the decree on September 6, 2006.

AFFIRMED AS MODIFIED.