IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

SCHLICHTMAN V. JACOB

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MARGARET V. SCHLICHTMAN, SPECIAL ADMINISTRATOR OF THE
ESTATE OF MELODY HOPPER, DECEASED, APPELLEE,
V.
STEVEN M. JACOB, APPELLANT.

Filed June 18, 2013.    No. A-12-779.

Appeal from the District Court for Lancaster County: PAUL D. MERRITT, JR., Judge. Affirmed.

Steven M. Jacob, pro se.

Thomas E. Zimmerman, of Jeffrey, Hahn, Hemmerling & Zimmerman, P.C., L.L.O., for appellee.

SIEVERS, PIRTLE, and RIEDMANN, Judges.

PIRTLE, Judge.

INTRODUCTION

Margaret V. Schlichtman, special administrator of the estate of Melody Hopper, deceased, filed a partial satisfaction of judgment in regard to a judgment entered in her favor and against Steven M. Jacob. Schlichtman was asking the court to equitably set off a judgment Jacob obtained in a replevin action against the judgment in her favor in this case. Jacob filed a motion to vacate or set aside partial satisfaction of judgment. He argued that the funds Schlichtman was trying to apply in satisfaction of the judgment, specifically the cash value of a life insurance policy and prejudgment interest and postjudgment interest awarded to Jacob in a replevin action, were exempt from attachment under Neb. Rev. Stat. § 44-371(1) (Reissue 2010). The district court for Lancaster County found that the cash value of the life insurance policy was exempt, but that the interest was not and could be set off in partial satisfaction of Schlichtman's judgment against Jacob.

- 1 -

Jacob appeals. Because we find no merit to his assignments of error, we affirm.

## BACKGROUND

Jacob is currently serving a life sentence following his conviction of first degree murder in the death of Hopper. See *State v. Jacob*, 253 Neb. 950, 574 N.W.2d 117 (1998). Hopper's mother, Schlichtman, formerly Margaret V. Shuck, filed a wrongful death action against Jacob, and a jury returned a verdict in favor of Schlichtman for $734,704 in April 1992. Schlichtman had obtained an order for attachment of Jacob's property, which included an insurance policy on Jacob's life, shortly after Hopper was killed. Subsequent to the entry of the jury verdict in favor of Schlichtman, Jacob's property was sold at a public auction in June 1992 as a result of the attachment order. Schlichtman purchased Jacob's life insurance policy for $6,000 and later cashed it in for $2,805.08.

Subsequent to the June 1992 public auction, the wrongful death judgment in favor of Schlichtman was reversed on appeal for the reason that Jacob's criminal conviction which formed the basis for liability was not yet final. See *Shuck v. Jacob*, 250 Neb. 126, 548 N.W.2d 332 (1996). Jacob moved the district court to vacate the sale of his insurance policy and the court did so, finding that the proceeds obtained by Schlichtman from Jacob's life insurance policy were exempt from attachment pursuant to § 44-371(1). Jacob's criminal conviction was subsequently reversed, and the cause was remanded for a new trial. See *State v. Jacob*, 242 Neb. 176, 494 N.W.2d 109 (1993).

In December 1996, Jacob filed a replevin action against Schlichtman, alleging that his life insurance policy was unlawfully taken and seeking the return of his property and damages. In June 2004, the trial court entered partial summary judgment as to liability in favor of Jacob, ruling that the attachment was wrongful. In October 2006, the matter went to trial on damages and the jury found in favor of Jacob, awarding him $8,805.08 for his life insurance policy.

Jacob filed a motion to alter or amend in the replevin action, requesting prejudgment interest on his award. Schlichtman filed a motion for judgment notwithstanding the verdict, claiming the evidence was insufficient to support the jury's verdict of $8,805.08. In January 2007, the trial court granted Schlichtman's motion for judgment notwithstanding the verdict in the replevin case, finding that the evidence supported only a damage award of $2,805.08, which represented the cash value of the policy when it was surrendered in 1992. The trial court also awarded Jacob prejudgment interest of 12 percent on the $2,805.08 beginning June 9, 1992, the date the policy was sold at public auction to Schlichtman. The judgment in the replevin action was affirmed on appeal. See *Jacob v. Schlichtman*, 16 Neb. App. 783, 753 N.W.2d 361 (2008).

Jacob's criminal case was retried, and he was found guilty of first degree murder in the death of Hopper and of using a firearm to commit that crime. These convictions were affirmed on appeal. See *State v. Jacob*, 253 Neb. 950, 574 N.W.2d 117 (1998). With his criminal convictions final, the matter of damages arising from the wrongful death of Hopper was retried in May 2010, resulting in a jury verdict in favor of Schlichtman and against Jacob in the amount of $800,000. Jacob filed a motion for new trial, which the trial court overruled, and he subsequently filed a notice of appeal in September 2010.

In October 2010, Schlichtman filed a partial satisfaction of judgment in the amount of $8,976.56, such amount representing the $2,805.08 judgment in the replevin action, along with

prejudgment interest, as well as postjudgment interest which had accrued on the replevin judgment. In response, Jacob filed a motion to vacate or set aside partial satisfaction of judgment.

No action was taken on Jacob's motion for some time, due to the pendency of his appeal in the wrongful death action. On May 27, 2011, in case No. A-10-870, this court entered a memorandum opinion affirming the district court's denial of Jacob's motion for a new trial, thereby affirming the $800,000 verdict in favor of Schlichtman. This court also remanded the cause for further proceedings on Jacob's pending motion to vacate or set aside partial satisfaction of judgment.

A hearing was held on Jacob's motion to vacate or set aside partial satisfaction of judgment. The trial court found that Schlichtman's partial satisfaction of judgment should be construed as a request for a setoff. Schlichtman was asking the court to equitably set off the replevin judgment in favor of Jacob against the judgment in favor of Schlichtman in this case. She argued that a setoff was appropriate because Jacob is insolvent. The court found that Jacob was insolvent.

Jacob argued that since the proceeds from his life insurance policy were exempt, as previously determined by the trial court, the judgment he received against Schlichtman for the wrongful attachment of those proceeds are likewise exempt from attachment and, therefore, cannot be used as a setoff against the judgment in favor of Schlichtman.

The trial court granted Jacob's motion to vacate and set aside the partial satisfaction of judgment as it related to the specifically identified principal amount of $2,805.08, but denied the motion in all other respects. The court found that the principal sum of $2,805.08 was exempt from attachment pursuant to § 44-371(1) and could not be set off against Schlictman's judgment, but that any interest that had accrued was not exempt and should be set off:

> [T]he specifically identified principal sum of $2,805.08 is cloaked with the exempt status that was available to the proceeds wrongfully taken by Schlichtman and converted to her own use. The exemption status, however, does not extend to any interest accrued on the principal amount or interest accrued on the final judgment.

Jacob appeals from the trial court's judgment.

## ASSIGNMENTS OF ERROR

Jacob assigns that the trial court erred in (1) finding that the replevin action was only for the return on the cash value of the life insurance policy, rather than for the return of the life insurance policy, and (2) finding that the interest awarded to him in the replevin action was not exempt under § 44-371(1).

## STANDARD OF REVIEW

On appeal from an equity action, an appellate court decides factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the trial court's determination. *Knosp v. Shafer Properties*, 19 Neb. App. 809, 820 N.W.2d 68 (2012).

Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. *Connelly v. City of Omaha*, 284 Neb. 131, 816 N.W.2d 742 (2012).

## ANALYSIS

Jacob first assigns that the trial court erred in finding that his replevin action was only for the return of the cash value of the life insurance policy, rather than for the return of the life insurance policy. Jacob argues that his petition in replevin shows that he was asking for the return of the life insurance policy, not just the "specifically identified" cash value of the policy. His petition requested the return on the life insurance policy or, if not returned, then for damages in the amount equal to the value of the life insurance policy.

The trial court's order does not state that Jacob's replevin action was brought only for the return of the cash value of the policy rather than for the return of the policy. To the contrary, the trial court stated, "[I]n the replevin action, Jacob sought 'the return of certain property, or its value, seized pursuant to legal process in the wrongful death case prior to the reversal of the judgment.'" This language is in line with Jacob's prayer for relief set forth in his petition in the replevin action which requests the return of the life insurance policy or, if not returned, then for damages in an amount equal to the value of the life insurance policy.

Jacob's argument that the court found that Jacob's replevin action was brought only for the return of the cash value of the policy is apparently based on the portion of the trial court's order which states:

> As is clear from [the trial court's] order . . . the judgment of $2,805.08 entered in the replevin case represented the "cash value" of the life insurance policy, when it was "surrendered" in 1992. In essence, the judgment Jacob received against Schlichtman for $2,805.08 in the replevin case was meant to replace the specifically identified $2,805.08 exempt funds wrongfully taken by Schlichtman.

The trial court was simply restating the finding of the trial court in the replevin case. It did not make a specific finding that Jacob's replevin action was only for the return of the cash value of the life insurance policy. Even if the trial court had made such a finding, it would not have affected the outcome of the instant case. Judgment has been entered in the replevin action and the trial court's decision was affirmed on appeal. See *Jacob v. Schlichtman*, 16 Neb. App. 783, 753 N.W.2d 361 (2008). The Court of Appeals agreed with the trial court that the only evidence that established the value of Jacob's insurance policy at the time it was seized from him in 1989 is what its cash value was in 1992, $2,805.08. Jacob's first assignment of error is without merit.

Jacob next assigns that the trial court erred in finding that the prejudgment interest and postjudgment interest on the replevin judgment were not exempt under § 44-371(1). Section 44-371(1)(a) provides, in part, that all proceeds, cash values, and benefits accruing under any policy or certificate of life insurance are exempt from attachment, garnishment, or other legal or equitable process, unless a written assignment to the contrary has been obtained by the claimant. The parties stipulated at the hearing that Jacob has never given a written assignment waiving the exemption of the proceeds from the judgment in the replevin action.

Jacob contends that the prejudgment interest and the postjudgment interest awarded in the replevin action constitute "proceeds" accruing under the life insurance policy for purposes of § 44-371(1)(a) and that therefore, the interest is exempt. He argues that the meaning of "proceeds" cannot be limited to the cash value of the life insurance policy, but must include all the damages he was awarded from the loss of the insurance policy, which includes the interest.

Under Nebraska law, there are two types of judgment interest--prejudgment and postjudgment. Neb. Rev. Stat. § 45-103 (Reissue 2010) fixes the postjudgment interest rate that applies to all judgments for the payment of money except where another interest rate is provided by law or where the parties have agreed to a different interest rate in a contract. Pursuant to Neb. Rev. Stat. § 45-103.01 (Reissue 2010), the interest rate set forth in § 45-103 shall accrue on decrees and judgments for the payment of money from the date of entry of judgment until satisfaction of judgment. The language of § 45-103.01 is mandatory, and a court of equity does not have discretion to withhold interest on decrees or judgments. *Bowers v. Lens*, 264 Neb. 465, 648 N.W.2d 294 (2002).

Neb. Rev. Stat. § 45-103.02 (Reissue 2010) establishes how prejudgment interest is to be awarded in any given case. The statute distinguishes between unliquidated and liquidated claims. When the claim at issue is liquidated, as it was determined to be in the replevin action, then prejudgment interest accrues at the rate of 12 percent from the date that the cause of action arose until the entry of judgment. See, § 45-103.02(2); Neb. Rev. Stat. § 45-104 (Reissue 2010).

Based on the statutes cited above, we determine that Jacob was entitled to prejudgment interest and postjudgment interest in the replevin action upon the trial court's decision to award Jacob a money judgment and that it was a liquidated claim. The interest awarded had nothing to do with the fact that the property sought to be recovered in the replevin action involved a life insurance policy. Jacob would have been awarded interest in the same way for any judgment that included the payment of money and that was a liquidated claim.

Based on the language in § 44-371(1)(a), in order for the prejudgment interest and postjudgment interest awarded in the replevin judgment to be exempt, it has to be proceeds that accrued under the life insurance policy. It is evident that the prejudgment interest and postjudgment interest are not proceeds that accrued under the life insurance policy. As previously stated, the interest is a result of a money judgment and a liquidated claim in the replevin action. The interest awarded was not related to or a result of the fact that the judgment was for the cash value of a life insurance policy.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Rodriguez v. Monfort, Inc.*, 262 Neb. 800, 635 N.W.2d 439 (2001). A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless. *City of Lincoln v. Nebraska Liquor Control Comm.*, 261 Neb. 783, 626 N.W.2d 518 (2001).

The plain and ordinary meaning of § 44-371(1) does not render the interest on the replevin judgment exempt. Prejudgment interest and postjudgment interest do not constitute proceeds accruing under the life insurance policy. The trial court did not err in finding that the interest was not exempt under § 44-371(1).

Jacob also argues in his brief that the trial court erred in allowing any setoff against Schlichtman's $800,000 judgment. However, Jacob did not assign this as error. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party assigning the error. *Bellino v. McGrath North*, 274 Neb. 130, 738 N.W.2d 434 (2007). Accordingly, we need not address this argument further.

## CONCLUSION

We conclude that the trial court did not err in finding that the prejudgment interest and postjudgment interest on Jacob's replevin judgment were not exempt under § 44-371(1). Accordingly, the judgment of the trial court allowing the prejudgment interest and postjudgment interest in the replevin action to be set off against Schlichtman's judgment against Jacob is affirmed.

AFFIRMED.