NOT DESIGNATED FOR PUBLICATION

No. 123,003

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

KRISTOPHER W. MILLER,
*Appellee*,

and

CHRISTINA D. MILLER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court, THOMAS G. LUEDKE, judge. Opinion file May 14, 2021. Affirmed.

*Pantaleon Florez Jr.*, of Topeka, for appellant.

*James C. Heathman*, of Heathman Law Office PA, of Topeka, for appellee.

Before GARDNER, P.J., GREEN and BUSER, JJ.

PER CURIAM: Kristopher Miller and Christina Wolf were married in 1999 and divorced in October 2011. The divorce decree assigned roughly 78% of the marital debt to Miller and 22% to Wolf. A large portion of that debt was consolidated credit card debt with Capital City Bank. Wolf failed to pay on her portion of the debt for over eight years. Meanwhile, Miller paid both his and Wolf's portion of the debt, including the interest that had accrued on both portions. Miller later moved the district court to order Wolf to reimburse him for having paid her portion of the debt, with interest. The district court

1

granted Miller's motion to enforce and awarded him the requested interest. Wolf appeals. Finding no error, we affirm.

*Factual and Procedural Background*

Kristopher Miller and Christina Miller, now Christina Wolf, were married in 1999. Because of irreconcilable differences, Miller petitioned for divorce in January 2011. Throughout the marriage and at the time of divorce, Wolf struggled with alcohol addiction and mental illness. Wolf mostly worked for Miller and her father-in-law, and when she was stable, she appeared to have had the capacity to earn minimum wage. Often, Wolf stayed home to take care of the children.

The parties accumulated around $210,959 worth of debt during their 12-year marriage. Because of Wolf's lower earning capacity, the divorce court assigned her only the following debt: a $600 fee to a certain individual, any credit card debt in her name, and "nearly one-half of the liability for the Capit[a]l City Bank credit cards in the amount of $45,000." Miller was responsible for all remaining unsecured debt because he had greater earning potential and many debts were business related.

In February 2013, Miller moved to enforce the order requiring Wolf to pay her portion of the credit card debt. Wolf responded, arguing, among other things, that she did not know what interest rate was being applied or how it was being determined and that the divorce decree did not specify a date that she had to pay the debt. But in that response, she "specifically admitted" the allegation in Miller's motion that stated: "[Wolf] is aware the debt is accruing interest at a variable rate and that the debt is listed in [Miller's] name."

In April 2013, Wolf filed for bankruptcy, which invoked an automatic stay on the proceedings. As a part of her bankruptcy, Wolf had to pay a priority joint tax debt held by

the parties to the Internal Revenue Service (IRS) and the State of Kansas. The tax debts totaled $28,624.06. Wolf moved the district court to offset this tax payment from her portion of the marital debt. The parties agree that the district court offset Wolf's portion of the credit card debt in the amount of the tax payments made to the IRS and the State of Kansas.

In November 2019, Miller moved again to enforce the debt division in the original divorce decree. A different judge heard this motion. Miller alleged that Wolf had yet to make a payment on the debt and that he paid the entire debt because he wanted to preserve his credit and keep interest from accruing on the debt. Miller stated that he had paid on Wolf's behalf the $45,000 owed on the Capital City Bank credit cards, plus the interest Capital City had charged, totaling $57,889. Miller argued that after applying Wolf's tax credits, she owed him $29,265 for the Capital City bank debt assigned to her in the divorce. Wolf responded, stating that the divorce court did not award interest and that Miller had not asked for interest ever before. The parties later submitted briefs to the district court.

The district court found it had continuing jurisdiction to enforce or clarify terms of a property division in a divorce decree, citing *In re Marriage of Nelson*, No. 102,574, 2010 WL 4977112, at *3 (Kan. App. 2010) (unpublished opinion). The court found that "[b]oth parties agree the Court has the discretion to award interest." The district court found that Kansas law recognized the concept of the "loss of the use of money" and that one's loss of that use should be compensated, and that the interest is allowed under K.S.A. 16-204(d). See *Greenhaw v. Board of Johnson County Commissioners*, 245 Kan. 67, 74, 774 P.2d 956 (1989). The district court awarded Miller the interest he had paid, finding that doing so was "fair, just, and equitable." The district court referred to the divorce court's original division of the debt and stated that allowing Miller to remain unpaid for the interest he paid on Wolf's portion of the credit card debt would further increase the disparity in the original debt division. And such a disparity "would allow

3

[Wolf] to escape any financial consequences because 'she simply refused to pay.'" The district court then granted Miller's "motion to enforce the payment of [the] outstanding debt with interest accrued thereon."

Wolf timely appeals.

*Did the District Court Lack Jurisdiction to Hear the Motion to Enforce the Divorce Decree?*

Wolf first argues that the district court lacked jurisdiction to order her to reimburse Miller for the interest he paid on Wolf's portion of the Capital City debt. Wolf argues the district court lacked jurisdiction to hear the motion for enforcement because Miller failed to timely file either a motion to alter or amend the judgment or a motion for relief from judgment. See K.S.A. 2020 Supp. 60-259; K.S.A. 2020 Supp. 60-260. Wolf maintains that jurisdiction is limited to enforcing or clarifying the decree's terms to carry out the intent of the court's original order, so imposing new terms or conditions is beyond the court's jurisdiction. She argues that the new district court judge modified the final divorce decree by imposing interest on the marital debt, which neither the court nor the parties ever intended, thus exceeding its jurisdiction.

A challenge to the district court's subject matter jurisdiction raises a question of law, over which our standard of review is unlimited. *Morgan v. City of Wichita*, 32 Kan. App. 2d 147, 154, 80 P.3d 407 (2003).

*Applicable law*

Generally, a district court has no continuing jurisdiction or power of modification over a division of property after entering an original divorce decree. *Lewis v. Lewis*, 4 Kan. App. 2d 165, 166, 603 P.2d 650 (1979). Once the divorce decree becomes final and

4

the time for appeal has passed, the district court's jurisdiction is limited to enforcement or clarification of the order.

The line between prohibited modification and permitted enforcement of a divorce decree is not always clear. The district court cited *In re Nelson* to support its assertion that it was enforcing or clarifying, rather than modifying, the original decree. 2010 WL 4977112, at *3. *In re Marriage of Nelson* is an example of a district court's overstepping the boundaries originally determined by the divorce decree. There, a panel of this court held that a district court exceeds its subject matter jurisdiction by awarding a remedy beyond the intent of the divorce court and the decree. The district court erroneously awarded $110,000 to the ex-wife for the ex-husband's failure to provide a residence for his ex-wife and children because that remedy was unsupported by the divorce court's decision. It was unreasonable to interpret the divorce decree as granting the ex-wife a money judgment against her ex-husband in the event he violated the court order. The district court erred by creating a new remedy not previously assumed or considered by the divorce court. 2010 WL 4977112, at *4.

Unlike in *In re Marriage of Nelson*, the district court here did not create a new remedy by enforcing the motion and ordering Wolf to pay the share of the debt that the divorce court previously ordered her to pay. See *In re Marriage of Garren*, No. 91,957, 2004 WL 2282137, at *2 (Kan. App. 2004) (unpublished opinion) (finding that the district court did not modify a divorce decree by ordering Garren to reimburse his ex-wife for money she had paid on his behalf). The district court looked to the divorce court's intent on whether to order Wolf to pay the interest. That intent was to make the division of debt as fair and equitable as possible, considering Wolf's mental and financial situation. That was why the district court apportioned 78% of the marital debt to Miller and 22% to Wolf. Because Miller paid both his portion (roughly 55%) and Wolf's portion (roughly 45%), plus the interest accrued on both portions, he paid 100% of the Capital City Bank credit card debt, and then some. In keeping with the divorce court's intent for

equitable distribution, the district court chose to assign the respective interest on the overall Capital City debt to each party, thereby keeping the original designated percentage of marital debt undisturbed.

Although the divorce court did not explicitly address interest, it is not unreasonable to interpret an order to pay credit card debt to include the payment of interest that accrues on that debt. It is generally safe to assume that a debt held by a third-party accrues interest until fully paid. And Wolf admitted in her response to Miller's first motion to enforce the order that she was aware the credit card debt was accruing interest while it remained unpaid.

Because the district court did not disturb the overall debt distribution and maintained the divorce court's intended debt distribution, its order merely enforced, not modified, the divorce decree. It had jurisdiction to do so.

*Did the District Court Erroneously Make a Discretionary Decision When It Lacked Jurisdiction?*

Wolf next argues that the district court erred as a matter of law by finding it had discretion to award interest on the debt division. But this argument depends on Wolf's unsuccessful argument above that the district court lacked jurisdiction to decide the enforcement motion.

Wolf also contends that the district court erred in stating that she agreed it had discretion to decide the interest issue. The district court's order did not explicitly state it was exercising its discretion in determining how to rule on the motion. The district court mentioned that the parties agreed the court held such authority, and then it discussed various Kansas caselaw on interest, the concept of compensating one's "loss of the use of money," and, K.S.A. 16-204, the post-judgment interest statute.

6

But even if Wolf is correct that she never agreed the court had discretion, the district court also stated it could review the motion because it had continuing jurisdiction to enforce and clarify property divisions in divorce decrees. That reason is correct so it matters not that the district court may have also relied on an erroneous reason for its decision. "[A]n appellate court can affirm the district court if the court was right for the wrong reason." *State v. Ryce*, 303 Kan. 899, 964, 368 P.3d 342 (2016); see *Hall v. Kansas Farm Bureau*, 274 Kan. 263, 273, 50 P.3d 495 (2002) ("A trial court decision which reaches the right result will be upheld, even though the trial court may have relied upon the wrong ground or assigned erroneous reasons for its decision.").

*Did the District Court Err by Finding that K.S.A. 16-204 Automatically Applies to a Debt Division in a Divorce Decree?*

Wolf next argues that the district court erred by finding K.S.A. 16-204 automatically applied to the divorce court's 2011 divorce decree. Wolf argues that this statute does not apply here, because the interest was not accruing on a judgment but was accruing on the debt assigned to the parties in the divorce decree.

We review this issue under a de novo standard. See *Einsel v. Einsel*, 304 Kan. 567, 579, 374 P.3d 612 (2016); *In re Marriage of Boldridge*, 29 Kan. App. 2d 581, 582, 29 P.3d 454 (2001).

K.S.A. 16-204(d) provides that "[a]ny judgment rendered by a court of this state on or after July 1, 1986, shall bear interest on and after the day on which the judgment is rendered at the rate provided by subsection (e)." Under this statute, the interest on a judgment is automatic. K.S.A. 16-204 is used as "'not a measure of damages, but a compensation fixed by law.'" *McGuire v. Sifers*, 235 Kan. 368, 383-84, 681 P.2d 1025 (1984) (quoting 47 C.J.S., Interest & Usury § 23, p. 69). It is generally not discretionary. See *Bluestem Telephone Co. v. Kansas Corp. Commission*, 38 Kan. App. 2d 1092, 1097,

176 P.3d 231 (2008) ("We hold that any entitlement to post-judgment interest under K.S.A. 16-204 attaches automatically and was not waived by the companies' failure to previously plead or otherwise request such interest."); but see *In re Marriage of Roth*, 28 Kan. App. 2d 45, 47, 11 P.3d 514 (2000) (finding that this statute does not require a court to award interest on the principal balance of an award of marital property; that decision is discretionary).

We need not determine whether this statute applies here, because Wolf's argument that the district court held that K.S.A. 16-204 automatically applied to the original divorce decree's debt division conflicts with the record. The district court did not make such a finding. Rather, it referenced that statute when it held imposing interest on a judgment is "clearly allowed by law." Although the district court cited several reasons for its decision to award interest, it did not state that K.S.A. 16-204 "automatically applied" to the division of debt in the original decree. Nor does anything in the district court's decision lead us to believe that it did not understand that its decision to award interest was discretionary.

Affirmed.